### DADE COUNTY v. MENDOZA, Inc., et al.
No. 66-3345.

Circuit Court, Dade County.

May 23, 1967.

Thomas C. Britton, County Attorney, James J. Kenny, Assistant County Attorney, for the petitioner.

Louis Jepeway of Jepeway & Gassen, Miami, for the defendant Mendoza, Inc.

Seymour D. Keith of Marks, Keith & Mack, Miami, for the defendant mortgagee Flagler Federal Savings & Loan Association.

HENRY L. BALABAN, Circuit Judge.

*Pre-trial ruling determining amount due on mortgage on parcel 16:* This cause came on to be heard on the petition of the defendant Flagler Federal Savings and Loan Association of Miami, the owner and holder of a mortgage on parcel 16, and the court

having heard argument of counsel and being otherwise fully advised, it is considered and adjudged that in acordance with the provisions of Rule 1.200, F.R.C.P., and with the consent of the interested parties, the court may and does hereby determine certain questions concerning the mortgage in favor of Flagler Federal Savings and Loan Association of Miami on parcel 16 by this pre-trial ruling, rather than after the entry of final judgment when such matters are ordinarily resolved upon motion in accordance with provisions of §73.101, Florida Statutes.

The mortgagee, Flagler Federal Savings and Loan Association of Miami, in accordance with the terms of the mortgage, has claimed the right to a prepayment penalty in the amount of $2,326.98 in addition to the amount unpaid on the mortgage, from the award to be made for the taking of parcel 16 in these eminent domain proceedings.

The mortgagee has further claimed from the mortgagor a reasonable attorney's fee for the services rendered in these proceedings by the attorneys for the mortgagee. The claim for attorney's fees is based upon the specific agreement concerning attorney's fees in paragraph 14 of the mortgage agreement. The mortgagee has not claimed, and under the case of Major Realty Corp. v. Florida State Turnpike Authority, Fla. App. 1964, 160 So.2d 125, would be precluded from recovering, attorney's fees from the condemning authority, Dade County. The mortgagor, Mendoza, Inc., however, has admitted its contractual liability to pay reasonable attorney's fees to the mortgagee, Flagler Federal Savings and Loan Association of Miami. The court, therefore, is not required to and expressly declines to determine whether, in the absence of such an admission by the mortgagor, liability for such attorney's fees would be imposed.

Concerning the prepayment penalty claimed by the mortgagee in addition to the amount unpaid under the mortgage, the mortgagor-owner, Mendoza, Inc., takes the position that if its property is taken by the county for the public good, and as a consequence thereof, the mortgagee receives the full amount then unpaid on the mortgage from the award, the payment of the mortgage prior to maturity cannot be considered a prepayment entitling the mortgagee to a prepayment penalty. The mortgagor-owner asserts that the payment of the mortgage from the condemnation award cannot be considered a voluntary prepayment, and that a penalty cannot be assessed for an involuntary prepayment occasioned, not by any act of the mortgagor-owner, but by the taking of its property and the mortgagee's security for the public good.

Upon consideration, the court finds that the principles set forth in Shavers v. Duval County, Fla. 1954, 73 So.2d 684, govern the question presented, although the mortgage in that case did not include a prepayment provision. The Supreme Court, in determining that the mortgagee was entitled to no more than the amount unpaid on its mortgage, stated at page 691 that —

> Its lien is worth no more than the value of the property taken. When that value is ascertained, paid into the registry of the court and is substituted for the property taken, the form of the security changes. The mortgagee has the lien upon the amount of money paid into the registry of the court representing the value of the property taken. Even though the security for the payment of its note is changed by operation of law, there has been no impairment of its contract. Full value for the land taken has been paid. It must look to the money instead of the real estate. Such terms and conditions were not provided in the mortgage deed but all the provisions of the constitution and the statutes existing at the time the mortgage and note were executed were a part of the contract and it knew that such a change in the contract might be brought about by reason of eminent domain proceedings, as provided under the law. If this constituted an impairment of the obligation of the contract, then the impairment was provided for in the constitution and the laws.

It is accordingly ordered and adjudged, that the defendant mortgagee, Flagler Federal Savings and Loan Association of Miami, may recover from the award to be made for the taking of parcel 16, the amount unpaid on its mortgage on the date of the deposit by Dade County, when title will vest in the county, and shall not be allowed a prepayment penalty upon the involuntary prepayment of the mortgage in these eminent domain proceedings.